UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERBERT "SONNY" WILSON, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-6493-KDE-SS** |
| **THOMPSON/CENTER ARMS COMPANY, INC.** | |

## ORDER

PLAINTIFF'S MOTION TO COMPEL (Rec. doc. 33)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned is the motion of the plaintiffs, Herbert "Sonny" Wilson and Mindy Wilson, to compel the defendants, Thompson/Center Arms Company, Inc. ("Thompson") and Lexington Insurance Company ("Lexington"), to provide additional responses to written discovery. This is a products liability claim in which the plaintiffs allege that on November 12, 2004, Sonny Wilson was severely injured when he fired a muzzle loading firearm manufactured by Thompson. Interrogatory nos. 2 and 24.

Interrogatory no. 2 requests the identification of each person that the defendants believe has knowledge of the November 12, 2004 incident. Interrogatory no. 24 requests the identification of all witnesses the defendants anticipate may be called and the substance of their testimony. Interrogatory nos. 2 and 24 seek information relevant to the parties' claims and defenses. The defendants made their initial disclosures and contend they should not be required to answer these

interrogatories.

The defendants' initial disclosures satisfy the requirement of Fed. R. Civ. P. 26(a)(1). The information required by the initial disclosures is narrower than that sought by plaintiffs' interrogatories. Rule 26(a)(1)(A) requires the identification of "each individual likely to have discoverable information that the disclosing party <u>may use</u> to support its claims or defenses. . . ." <u>Id.</u> (emphasis added).

> The initial disclosure obligation of subdivisions (a)(1)(A) and (B) has been narrowed to identification of witnesses and documents that the disclosing party may use to support its claims or defenses. . . . A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use.

Fed. Rule Civ. P. 26(a)(1) Advisory Committee's Note, 2000 amendments. There also is a continuing obligation to supplement these disclosures as well as responses to discovery. Fed. R. Civ. P. 26(e).

Interrogatory no. 2 seeks the identification of individuals with knowledge of the incident whether or not the defendants may use the individuals to support their claims and defenses. While interrogatory no. 24 seeks some information that is included in the initial disclosures, it also seeks the substance of the witnesses' testimony. The defendants' initial disclosures are not a sufficient response to these interrogatories. The defendants shall respond to interrogatory nos. 2 and 24.

<u>Interrogatory no. 3 and category no. 6</u>.

Interrogatory no. 3 requests identification of each exhibit or demonstrative evidence that defendants intend to introduce at the trial. Category no. 6 of the requests for production of

documents seeks production of exhibits that may be used at the trial. The issues on these two discovery requests are the same as for interrogatory nos. 2 and 24. The defendants shall respond to interrogatory no. 3 and category no. 6.

Interrogatory nos. 5-9 and category nos. 15-19.

These discovery requests relate to defenses asserted by the defendants. For example, interrogatory no. 6 requests that defendants state each fact, exhibit and witness relied upon to assert that third parties were negligent in causing the November 12, 2004 incident. The interrogatory makes specific reference to the defendants' fifth affirmative defense. The defendants object on the grounds of: (1) vagueness; (2) burden to respond; and (3) prematurity. Subject to the objection, the defendants state they will rely on discovery responses, fact witnesses and expert testimony. The same response appears for each of these interrogatories and categories. These are contention discovery requests. The defendants contend they provided all the information they can provide at this time because they have not conducted discovery of the plaintiffs. The defendants' objection of prematurity is sustained. The defendants shall fully respond to these discovery requests forty-five calendar days prior to the close of discovery as provided in the current scheduling order. If the deadline for completion of discovery is extended, then the deadline for defendants to respond to these discovery requests is extended to forty-five calendar days prior to the new discovery deadline. They are further reminded of their duty to timely supplement their responses as information becomes available.

Interrogatory no. 12.

The interrogatory requests the per unit cost to manufacture a "Deluxe Breech Plug/209

Adapter Wrench-No. 7766" ("Adapter Wrench") for the years 1999-2005. Defendants object that the information is not relevant. The plaintiffs contend that: (1) a "Box End Breech Wrench" ("Box Wrench") was provided with their muzzle loading rifle but not an Adapter Wrench; (2) prior to 2000 the defendants included an Adapter Wrench with the sale of the rifle; (3) thereafter Adapter Wrenches were sold separately; (4) the defendant made this change to increase its profits; (5) after a purchaser adds a scope to the rifle, an Adapter Wrench should be used rather than a Box Wrench; (6) Wilson added a scope to the rifle but did not purchase an Adapter Wrench; (7) because of the lack of space created by the added scope, the Box Wrench could not be used properly and the breech plug became cross threaded; and (8) when he fired the rifle, the breech plug gave way causing severe injuries. The plaintiffs allege deficiencies in the owner's manual in that Wilson was not on notice that after adding a scope it was necessary that he purchase an Adapter Wrench and use it instead of the Box Wrench provided with the rifle. The plaintiffs also contend that the rifle was defective in design because the Adapter Wrench was not included with the purchase of the rifle. The defendants contend that accessories to the rifle are not relevant.

The parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed R. Civ. P. 26 (b)(1). The court must focus on the claims and defenses involved in the action. Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments. "(T)he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Id. The plaintiffs description of their claims demonstrates that the information sought in interrogatory no. 12 is relevant to their claims.

The defendants shall supplement their response to interrogatory no. 12. If the defendants contend that the information is proprietary, it shall be produced subject to an appropriate protective order. If the parties are unable to agree to the terms of a protective order, the defendants shall present a motion for a protective order on an expedited basis, including a form of protective order. The plaintiffs shall submit a form of protective order with their opposition. The court will select the order that most nearly meets the needs of the case.

Interrogatory no. 16.

This interrogatory seeks the per unit cost for a Box Wrench for the same period. Defendants object that the information is not relevant. For the reasons stated with respect to interrogatory no. 12, the information is discoverable. The defendants may require that it be produced subject to the terms of the protective order.

Interrogatory no. 17.

Interrogatory no. 17 seeks the retail price of the Adapter Wrench. The defendants object that this information is equally available to the plaintiffs from catalogs, websites and stores. The defendants shall provide the manufacturer's suggested retail price.

Interrogatory no. 22.

Interrogatory no. 22 seeks the number of Adapter Wrenches sold during 1999-2005. Defendants object on the grounds : (1) relevancy; (2) admissibility; and (3) confidentiality. For the same reasons described in interrogatory no. 12, the information is relevant. Relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. The information will be produced subject to the protective order.

<u>Interrogatory nos. 20 and 21.</u>

Although defendants objected to these interrogatories on the same basis as they did for interrogatory no. 22, the only information not provided was the gross number of rifles and scopes sold for each calendar from 1999-2005. As determined with interrogatory no. 12, the plaintiffs demonstrated the relevance of this information. The defendants will produce it subject to the protective order.

<u>Interrogatory no. 14.</u>

The plaintiffs request that the defendants identify the portions of the owners manual that warn about cross threading the breech plug. The defendants refer to the manual and state the information is equally available to the parties. The defendants shall identify the page(s) and provisions contained in the manual which they believe contain such warning(s).

<u>Interrogatory no. 18.</u>

This is a contention interrogatory. The defendants are not required to answer the interrogatory until forty-five days prior to the deadline for completion of discovery.

<u>Category no. 7</u>.

The only issue remaining is the production of drawings for the accessory items. These shall be produced subject to the terms of the protective order.

<u>Category nos. 8, 9 and 10</u>.

The defendants state that no responsive documentation related to any testing performed before or after the product was first placed into the stream of commerce exists. No further response is required.

Category nos. 11 and 12.

The defendants refuse to produce the information without a protective order. The information shall be produced subject to the protective order to be entered in this matter.

Category nos. 13.

The plaintiffs seek all documentation relating to prior claims against the defendants for personal injuries arising out of the use of a rifle "malfunctioning in any way." The interrogatory is too broad. The defendants respond that there are no claims alleging that a breech plug was cross threaded on a Back Diamond. No further response is required.

IT IS ORDERED that:

1. Plaintiffs' motion to compel (Rec. doc. 33) is GRANTED in PART and DENIED in PART.

2. Within seven (7) working days of the entry of this order, the parties shall present a stipulation for the entry of a protective order or the defendants shall present an expedited motion for a protective order.

3. Within ten (10) working days of the entry of the protective order, the defendants shall supplement their responses to plaintiffs' discovery as required by this order.

New Orleans, Louisiana, this 5th day of December, 2006.

                                  **SALLY SHUSHAN**
                          **United States Magistrate Judge**